UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


DERRICK JEROME ALLEN (#295151)

VERSUS                                          CIVIL ACTION

N. BURL CAIN, ET AL                             NUMBER 11-211-FJP-SCR


**RULING ON MOTION TO COMPEL RESPONSE/ANSWER
and
RULING ON MOTION FOR CONTEMPT**

Before the court is the petitioner's Motion to Compel the State of Louisiana to Respond/Answer the Supplement Writ of Habeas Corpus. Record document number 24. Also before the court is the petitioner's Motion For Contempt of Court. Record document number 26.

By his Motion to Compel the petitioner sought an order requiring the State to file an answer or other response to his supplemented habeas corpus petition.[1] Although the court granted the petitioner's Motion for Leave to File Supplement to Writ of Habeas Corpus, the ruling did not order the respondent to answer.[2] The court concluded at that time that an answer by the respondent

---

[1] Record document number 16, Supplement to Original Writ of Habeas Corpus.

[2] Record document number 15.

was not necessary.[3]  The court has reviewed the supplemental state court record,[4] the court still does not believe an answer to the Supplement to Original Writ of Habeas Corpus is needed.

In his Motion for Contempt of Court the petitioner complained that the East Baton Rouge Parish Clerk of Court has not complied with the February 17, 2012 order to supplement the state court record.[5]  Plaintiff acknowledged that the State of Louisiana, through the district attorney, filed additional pertinent portions of the record.[6]  Plaintiff objected to that filing, arguing that the East Baton Rouge Parish Clerk of Court was ordered to file the state court record, not the State of Louisiana, and he asserted that the State is not going to send an accurate record which would undermine its own defenses and arguments.[7]

While the plaintiff is correct that the supplemental state court record was not filed by the Clerk of Court for the Nineteenth Judicial District Court, insofar as he argued that the State has purposefully withheld relevant parts of the state court record his

---

[3] Rule 5, Rules Governing Section 2254 Cases, provides that "[t]he respondent is not required to answer the petition unless a judge so orders."

[4] Record document number 23.

[5] Record document number 17.

[6] Record document number 23.  A review of these records shows that many of them are certified as true copies by an East Baton Rouge Parish deputy clerk of court.

[7] Record document number 25.

argument is factually unsupported.

Accordingly, the petitioner's Motion to Compel the State of Louisiana to Respond/Answer the Supplement Writ of Habeas Corpus and his Motion For Contempt of Court are both denied.

Baton Rouge, Louisiana, March 14, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE